996 F.2d 1227
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert C. REHFUSS, Plaintiff-Appellant,
v.
NORTHPOINT HOMEOWNER'S ASSOCIATION, Defendant-Appellee.
 No. 93-15203.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 15, 1993.
 
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert C. Rehfuss appeals pro se the district court's dismissal for lack of subject matter jurisdiction of his action challenging the dues and fees accessed by the Northpointe 1 Homeowner's Association, Inc. (Northpointe). Rehfuss also contests the district court's award of attorney's fees in the amount of $600. Rehfuss and his spouse own a lot in the Northpointe subdivision and he contends that he is not subject to Northpointe's covenants, conditions and restrictions. We review de novo the district court's dismissal, Tanner v. Heise, 879 F.2d 572, 576 (9th Cir.1989). The district court's award of attorney's fees is reviewed for an abuse of discretion. Romero v. City of Pomona, 883 F.2d 1418, 1429 (9th Cir.1989). We affirm.
 
 Subject Matter Jurisdiction
 
 3
 Rehfuss claims that Northpointe's rules violate his constitutional rights. Nevertheless, he fails to indicate which constitutional right he has been deprived of or which federal statute has been violated. See 28 U.S.C. § 1331.[1] Even if Rehfuss could articulate some violation of a protected right, it is clear that Northpointe is not a state actor, and therefore, no jurisdiction exists. See West v. Atkins, 487 U.S. 42, 49-50 (1988) (defendant must be state actor for plaintiff to state a civil rights claim under 42 U.S.C. § 1983); Taylor v. List, 880 F.2d 1040, 1047-48 (defendant not acting under color of state law; no liability under section 1983). The district court properly dismissed Rehfuss' complaint for lack of jurisdiction.
 
 Attorney's Fees
 
 4
 "In a federal civil rights action or proceeding, 'the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee....' " Jordan v. Multnomah County, 815 F.2d 1258, 1261 (9th Cir.1987) (quoting 42 U.S.C. § 1988). "A court may grant attorney's fees to a defendant under section 1988 only under the limited circumstances where the action is 'frivolous, unreasonable, or without foundation.' " Maag v. Wessler, No. 92-36657, slip op. ----, ---- (9th Cir. May 24, 1993) (quotation omitted). If the district court grants attorney's fees, it must "clearly and concisely explain the grounds for its decision." Jordan, 815 F.2d at 1261; cf. Maag, slip op. at ---- (if attorney's fees denied, it is implicit that district court found that the action was not frivolous).
 
 
 5
 Under Fed.R.Civ.P. 11, "sanctions are appropriate 'only when the pleading as a whole is frivolous or of a harassing nature.' " Romero, 883 F.2d at 1429; see Operating Eng'r Pension Trust v. A-C Co., 859 F.2d 1336, 1343-44 (9th Cir.1988). "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." Operating Eng'r Pension Trust, 859 F.2d at 1345.
 
 
 6
 Here, the district court imposed sanctions against Rehfuss in the amount of $600 in attorney's fees. The district court did not indicate whether it was imposing sanctions under section 1988 or Rule 11. Under either standard, attorney's fees were properly awarded.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rehfuss refers to state laws apparently regarding homeowner's associations. Nevertheless, those state statutes are immaterial for purposes of establishing federal jurisdiction